**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 4 2014

DAVID J. MALAND, CLERK
BY
DEPUTY_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID E. MACK | § | |
| *Plaintiff*, | § | |
| | § | **Case No. 4:14-cv-414** |
| vs | § | |
| | § | |
| MIDLAND CREDIT | § | |
| MANAGEMENT, INC. | § | |
| *Defendant.* | § | |
| | § | **TRIAL BY JURY DEMANDED** |
| | § | |

## FIRST AMENDED COMPLAINT

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C §1331, 1367, 1441, and 1446.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack (Plaintiff), a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Midland Credit Management, Inc. (Midland) a debt collection company with corporate offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

### VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper after removal to the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

7. On December 4, 2013 Midland called Plaintiff's wireless phone number 682-560-1675 at 8:44 PM from 877-237-0512, which is a number known to be used by Midland in its debt collection operations.

8. The call made by Midland was made with an automatic telephone dialing system (ATDS) to Plaintiff's wireless phone.

9. Midland made the call to Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

10. The call made to Plaintiff's wireless phone was not for an emergency purpose and was made without the express consent of the Plaintiff having been given at any time.

11. Midland called at a time that was inconvenient and when Plaintiff answered the phone there was no live person on the line and no message was left.

12. The Plaintiff has never had any business with Midland at any time.

13. The Plaintiff attempted to mitigate damages in this matter by sending a notice of intent to litigate to the Defendant before commencing legal action in an attempt to settle matters without litigation and Defendant failed to respond.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692d BY MIDLAND CREDIT MANAGEMENT, INC.

14. Paragraphs 1 through 13 are re-alleged as though fully set forth herein.

15. Plaintiff brings this action pursuant to 47 U.S.C. § 227(b)(1)(A)(iii)/Texas Business Code Ann. § 305.053 and 15 U.S.C. § 1692k(d) for the following:

16. On December 4, 2013 at 8:44 PM Midland called Plaintiff's wireless phone number 682-560-1675 from 800-237-0512 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6) and § 1692e(11).

## COUNT I

## VIOLATIONS OF THE FDCPA

17. Plaintiff repeats and re-alleges each and every allegation stated above.

18. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a.  Adjudging that Defendant violated the FDCPA.

   b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

   c.  Awarding Plaintiff any attorney's fees and costs incurred in this action;

   d.  Awarding Plaintiff post-judgment interest as may be allowed under the law;

   e.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)/ TEXAS BUSINESS CODE ANN. § 305.053

19. Plaintiff repeats and re-alleges each and every allegation stated above.

20. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227/Texas Business Code Annotated § 305.053.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.  Adjudging that Defendant violated the TCPA 47 U.S.C. § 227/Texas Business Code

    Annotated § 305.053.

b.  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  Awarding Plaintiff any costs incurred in this action;

d.  Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e.  Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.


Dated: June 24, 2014

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by first class USPS mail.

Dated:  June 24, 2014

David E Mack

Reid S. Manley
BURR & FORMAN LLP
420 North 20th Street Suite 3400
Birmingham, Alabama 35203