# Exhibit D

**From:** Manley, Reid <rmanley@burr.com>
**To:** David Mack <mack2001@swbell.net>
**Cc:** Thompson, Stephanie <sthompson@burr.com>
**Sent:** 3/31/2014 1:58 PM
**Subject:** RE: Mack v. Midland

Thanks for the quick reply. I too would like to try to resolve the case without moving to transfer the case to the MDL in California.

In your complaint, you state the you are seeking $1525. My client has authorized me to settle the case for $1000. Midland would also waive the balance owed on the debt. In exchange, you would have to sign a confidential settlement agreement and general release and dismiss the case with prejudice. I look forward to hearing from you.


**From:** David Mack [mailto:mack2001@swbell.net]
**Sent:** Monday, March 31, 2014 11:49 AM
**To:** Manley, Reid
**Subject:** Re: Mack v. Midland

Mr. Manley,

Thank you for your email. I have had some recent computer issues and did not get your phone message information unfortunately. My apologies for not responding sooner.

I prefer that we discuss this matter via email rather than by phone so there is a documented record of our discussion for future reference.

The suit I filed against Midland is the first of many that I can file against MCM in regard to TCPA and FDCPA violations.

I actually received 110 calls to my wireless phone from MCM without my consent and I contacted them directly before commencing any legal action in an attempt to resolve matters. Unfortunately they chose not to respond to my efforts to mitigate damages and reach a settlement without litigation.

I filed my first case in small claims court rather than federal court as a means to get the full attention of MCM to see if the issues at hand could be resolved with minimal litigation costs involved for both parties. Again, I am attempting to minimize any costs in resolving this dispute between the parties.

I am fully aware of the MDL that Midland is involved in in California regarding TCPA violations and do not wish to have my dispute taken into that venue being a pro se litigant hence my filing of the case for a single call in small claims court. As previously stated, there are in excess of 100 calls that were made in violation of the TCPA and FDCPA so there are substantial issues to be resolved but yet the violations are crystal clear. Your client NEVER had any consent to call my wireless phone using ATDS capable equipment and harassing me in doing so 110 times.

Now that you know what the bigger picture is in regard to my claims, please let me know what MCM wants to do to resolve this situation. I am willing to consider a *reasonable* offer of settlement of the matters at hand.

Exhibit D

RE: Mack v. Midland

Please be aware that I am very knowledgeable of the TCPA and FDCPA and the case law regarding these matters and that I fully intend to seek *fair* compensation for the damages I have incurred as a result of your client's actions. This in no way should be interpreted as being a nuisance lawsuit but instead should be seen as an effort to resolve matters to minimize time and expense to both parties if at all possible.

I have attached a spreadsheet with data on all the calls I received from MCM on my wireless phone so you can see the complete picture. Please let me know how your client wishes to proceed with this situation.

I appreciate your cooperation in attempting to resolve this matter.

Best Regards,

David Mack

----- Original Message -----
From: Manley, Reid
To: mack2001@swbell.net
Cc: Thompson, Stephanie
Sent: Monday, March 31, 2014 10:03 AM
Subject: Mack v. Midland

Mr. Mack, my name is Reid Manley and I will be representing Midland in the lawsuit that you just filed against them. I have left you several messages asking that you call me to discuss the case and settlement. Could you please give me a call? Thanks



BURR · FORMAN

Reid S. Manley • *Partner*

Suite 3400 • 420 North 20th Street • Birmingham, Alabama 35203
direct 205-458-5439 • fax 205-244-5679 • cell 205-266-7851
rmanley@burr.com • www.burr.com

vCard    bio    map it    locations

ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

Circular 230 Notice - Regulations adopted by the Internal Revenue Service require us to inform you that any federal tax advice contained in this communication (including attachments) (I) is not intended or written by Burr & Forman LLP to be used, and cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer, and (II) is not written to support the promotion or marketing of any transaction(s) or matter(s) addressed in this communication.