**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **DAVID E. MACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 4:14-cv-00414-DDB** |
| ) | |
| **MIDLAND CREDIT MANAGEMENT,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**MIDLAND CREDIT MANAGEMENT, INC.'S REPLY IN SUPPORT OF**
**ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel, and hereby submits this reply memorandum in support of its Motion to for Judgment on the Pleadings (the "Motion").  In support of its Motion, Midland states as follows:

**ARGUMENT**

Plaintiff's 25-page response to Midland's Motion, which is devoid of legal authority but chock-full of hyperbole and "facts" that the Court may not properly consider, fails to show why his Complaint (and the three other identical complaints filed against Midland) should not be dismissed pursuant to the doctrine of *res judicata* and the rule against claim-splitting.  For the purposes of *res judicata*, Plaintiff agrees that the prior lawsuit and the present case involve: (1) identical parties; (2) jurisdiction for the prior judgment; and (3) a final judgment on the merits. Thus, the Court need only consider whether this case and the prior lawsuit involve the same cause of action.  As explained in Midland's Motion, Plaintiff's virtually identical lawsuits involve the same cause of action and, therefore, must be dismissed with prejudice.

Plaintiff argues that because he was not a debtor, there was no "transaction" and, therefore, no common nucleus of operative facts for the purposes of *res judicata* or the rule against claim-splitting.   However, Plaintiff's argument ignores the fact that there is no requirement that he be a "debtor" or that Midland's alleged calls arose from an account Plaintiff had with Midland.   Indeed, the Fifth Circuit provides three considerations in determining what constitutes a transaction or series of transactions: (1) whether the facts are related in time, space, origin, or motivation; (2) whether they form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.   *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004); *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004) (finding claims connected in time and space and that could--and should--have been brought in the first action to create a single convenient trial unit were barred under *res judicata*).

Considering facts analogous to those presented here, the *Beeders* court also described what should be considered in determining the common nucleus of operative facts.  The fact that the plaintiff in *Beeders* was a debtor was irrelevant to the court's determination of whether the ten calls and messages formed a common nucleus of operative fact.  Instead, the *Beeders* court determined that it must consider the following:

> To sustain a cause of action under the FDCPA for any one call and its resulting telephone message, **the court must address the facts of each of the ten calls/telephone messages, including the date of each message and its contents. These facts form a nucleus of operative fact that is identical in each suit.** The litigation of any one of these claims would have claim preclusive effect on the other cases. **These claims, which seek the same remedy and share the same nucleus of operative fact, are parts of the same cause of action and, therefore, should be joined in the same suit as separate claims within the same cause of action.**

*Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1128-29 (M.D. Fla. 2009).  The

*Beeders* court was also required "to consider the frequency and persistence of the debt collector's

noncompliance with the statute, the nature of the non-compliance, and to what extent the non-

compliance was intentional," which included considering "other calls/telephone messages to

determine the frequency and persistence of defendant's alleged non-compliance." *See id.* at 1128

(citing 15 U.S.C. § 1692k(b)(1)).  Thus, a court cannot properly consider an FDCPA violation

based on phone calls or damages by addressing each phone call piecemeal.

Despite Plaintiff's argument to the contrary, there is no question that the first complaint

filed against Midland and the Complaint in this action are virtually identical.  The present lawsuit

and the prior lawsuit allege the following **identical** facts in support of his FDCPA, TCPA, and

Tex. Bus. Code claims:

- Midland called Plaintiff's cell phone number, XXX-XXX-XX75;
- From the number 877-237-0512;
- Using an automatic telephone dialing system
- Without Plaintiff's consent;
- At a time that was inconvenient and there was no live person on the line and no message was left;
- Plaintiff has not had any business with Midland;
- Plaintiff attempted to mitigate damages by sending a notice of intent to litigate and Midland failed to respond; and
- The caller failed to identify who was calling Plaintiff or to identify the purpose of the call.

*See* Doc. 5; *Mack v. Midland Credit Management, Inc.*, 4:14-cv-200-RAS-DBB, Doc. 5.

Although the phone call in the first case allegedly occurred on November 29, 2013 and the

alleged call in the present case occurred on December 4, 2013, **the calls occurred within one**

**week of each other**.  *See id.*  The facts are undoubtedly related in time and space.  *See Davis*,

383 F.3d at 314.  At the same time, there is no real question that the facts would form a

convenient trial unit.  It would be a complete waste of judicial resources to proceed with four

separate lawsuits alleging the same claims based on the same facts.  Because the underlying facts are identical, the parties will be required to conduct the exact same discovery in each matter and potentially proceed to four separate trials concerning the exact same subject matter.  Already, the Court is being asked to consider four, identical dispositive motions.  Thus, Plaintiff's FDCPA, TCPA, and Tex. Bus. Code claims against Midland involve the same transaction or series of transactions and are barred by the doctrine of *res judicata* and the rule against claim-splitting.

Moreover, Plaintiff could -- and should -- have included all of his claims against Midland in a single lawsuit, and his failure to do so harasses Midland and clogs the justice system. Plaintiff is fully aware of the pleading requirements of this Court, which is evidenced by his Amended Complaint, his Response to Midland's Motion, and the vast number of cases he has personally litigated in this Court.  The call made the basis of Plaintiff's Complaint occurred long before Plaintiff filed his first lawsuit on March 14, 2014.  Plaintiff knew he could -- and should -- have included all calls in a single lawsuit against Midland.  The doctrine of *res judicata* and the rule against claim-splitting bars Plaintiff from bringing his claims piecemeal, and "**Plaintiff ha[s] no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.**"  *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (emphasis added).  Accordingly, Plaintiff's Complaint must be dismissed, with prejudice.

Plaintiff attempts to lead the Court to believe that Midland "does not come before this Court in candor" because Midland allegedly failed to give details of the context of the judgment in the first case Plaintiff filed.[1]  However, the vast majority of Plaintiff's recitation of the facts

---

[1] Plaintiff claims several times throughout his Response that Midland admitted to liability by entering into to the Offer of Judgment.  *See* Doc. 18, pp. 6, 14, 17, 22.  However, nothing in Midland's Offer of Judgment or undersigned counsel's discussions with Plaintiff can be construed as an admission of liability.  Additionally, courts do not construe offers of judgment as admissions of liability.  *See Jolly v. Coughlin*, No. 92 CIV. 9026(JGK), 1999 WL 20895, at *8 (S.D.N.Y. Jan. 19, 1999) ("There is no basis in either Rule 68 or the decisions interpreting Rule 68 for such a requirement to be imposed upon offers of judgment.  Rule 68 does not require that offers of judgment include admissions of liability. . . . Requiring a clear admission of liability in every offer of judgment would . . .

4

and the correspondence between Plaintiff and undersigned counsel attached to Plaintiff's response must be ignored because the Court cannot consider matters outside the pleadings when considering a motion for judgment on the pleadings.  *See Davis v. Pest Mgmt. of Tex., Inc.*, 3:13-CV-00962-L, 2014 WL 2893275, at *1 & n.1 (N.D. Tex. June 26, 2014); *see also Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) ("When a court rules on a 12(b)(6) motion, the court is limited to the actual contents of the pleadings and the documents either attached or incorporated by reference into a complaint.")

Because Plaintiff's recitation of the facts includes matters not alleged in the pleadings, the Court must ignore Plaintiff's attempt to tell "the rest of the story," including pages 2-6 of Plaintiff's Factual Background and Procedural History.  The Court must also ignore the emails between Plaintiff and undersigned counsel attached as Exhibits C and D to Plaintiff's Response.  *See Swanson v. Aegis Commc'ns Grp., Inc.*, 3-09-CV-41-D, 2009 WL 5204476, at *1 n.2 (N.D. Tex. Dec. 4, 2009) (finding that the court was not permitted or required to consider reports and letters attached to plaintiff's response to its motion when considering a motion to dismiss).  Further, it is improper for the Court to consider pages 9-11 of Plaintiff's Response, which includes argument regarding Midland's business practices, its litigation history, and lawsuits involving Midland that are unrelated to the present suit.

While the Court is not permitted to rely upon matters outside the pleadings, out of an abundance of caution, Midland wishes to bring it to the Court's attention that Plaintiff has not presented the whole story to the Court.  In his response, Plaintiff states that the suit he filed

---

reduce the effectiveness of Rule 68 as a tool to encourage the settlement of all lawsuits."); *Chathas v. Local 134 Int'l Bd. of Elec. Workers*, 233 F.3d 508, 511 (7th Cir. 2000) (stating that "the essence of the offer was that the preliminary injunction would be made permanent, but that the offer was not to be construed as an admission of liability"); *see also Jason D.W. by Douglas v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 212 (5th Cir. 1998) ("The policy behind Rule 68 is to encourage settlement and avoid litigation.").  Midland denies any liability with respect to Plaintiff's claims.

against Midland was "the first of many that [he could] file against MCM" and that he allegedly received 110 calls from Midland. *See* Doc. 18-3. Upon receipt of Midland's Offer of Judgment, which contemplated "all of Plaintiff's claims asserted against Defendant," *see* Doc. 13-2, Plaintiff sent undersigned counsel an email noting that the language in the Offer of Judgment did not reflect claims asserted "in this action" or "in Case No. 4:14cv00200 in the Eastern District of Texas." *See* Email from David Mack to Reid Manley, Apr. 23, 2014, attached hereto as Exhibit A. However, Midland was not agreeable to including language limiting the claims to the first lawsuit, and the Judgment, **to which Plaintiff willingly agreed**, does not limit claims to those asserted in the first lawsuit only. *See Mack v. Midland Credit Management, Inc.*, 4:14-cv-0020-RAS-DDB, Doc. 10, Proposed Agreed Judgment. By agreeing to the Judgment, Plaintiff agreed to dismiss "[a]ll claims and causes of action against Midland." *See id.* Plaintiff was fully aware that the Offer of Judgment and Judgment contemplated all claims against Midland.

Finally, it is Midland's position that mediation is not appropriate at this time, and Midland requests that the Court enter an injunction barring Plaintiff from filing future lawsuits against Midland alleging violations of the FDCPA, TCPA, and Tex. Bus. Code § 305.053(a) based on alleged phone calls made before March 14, 2014.

**WHEREFORE, PREMISES CONSIDERED**, Midland respectfully requests that this Court issue an Order dismissing Plaintiff's Complaint in its entirety, with prejudice. Midland further requests that this Court issue an Order enjoining Plaintiff from filing future lawsuits against Midland alleging violations of the FDCPA, TCPA, and Tex. Bus. Code § 305.053(a) based on alleged phone calls made before March 14, 2014.

Respectfully submitted this 20th day of October, 2014.

s/ Reid S. Manley
Reid S. Manley

Texas Bar No. 24047520
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 20th day of October, 2014:

David E. Mack
7720 McCallum Boulevard, #2099
Dallas, Texas 75252
Telephone:     (972) 735-9642
Email: mack2001@swbell.com

s/ Reid S. Manley
OF COUNSEL