IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Case No. 4:14CV414 |
| § | |
| MIDLAND CREDIT § | |
| MANAGEMENT, INC. § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant Midland Credit Management, Inc.'s Motion for Judgment on the Pleadings (Dkt. 10). As set forth below, the Court finds that the motion should be DENIED.

This case was filed by Plaintiff David E. Mack on May 1, 2014, in Collin County, Texas. Defendant removed the case to this Court on June 20, 2014, and Plaintiff filed an amended complaint on June 24, 2014.

In his amended complaint, Plaintiff asserts the following claims against Defendant Midland Credit Management, Inc.: violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d, 1692d(6), 1692e(11), violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), and violation of the Texas Business and Commerce Code § 305.053.[1]

---

[1] Although both Plaintiff and Defendant cite to the "Texas Business Code," it is the "Texas Business and Commerce Code" that proscribes conduct which is also prohibited by the the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. *See* TEX. BUS & COM. CODE § 305.053.

*See* Dkt. 5. Specifically, Plaintiff alleges that Defendant called Plaintiff's cell phone on December 4, 2013, at 8:44 p.m. using an automatic telephone dialing system (ATDS) without having any business with Plaintiff, without his consent, and at an inconvenient time with no person on the other line and no ability to leave a message.

Defendant filed its motion for judgment on the pleadings on August 26, 2014. Defendant claims that Plaintiff has already settled a case against it in this Court, Case No. 4:14-cv-200, arising out of phone calls made to him.[2]

Defendant argues that Plaintiff's claims are barred by the doctrine of *res judicata* and must be dismissed; that Plaintiff's claims are barred by the rule against claim-splitting and must be dismissed; and that this Court should enjoin Plaintiff from filing additional lawsuits against it for phone calls made before March 14, 2014. In support of its motion, Defendant submits the following materials: (1) Plaintiff's First Amended Complaint from Case No. 4:14-cv-200; (2) Defendant's April 22, 2014 Offer of Judgment for Case No. 4:14-cv-200; (3) July 2, 2014 Judgment for Case No. 4:14-cv-200; (4) Plaintiff's First Amended Complaint for Case No. 4:14-cv-265; and (5) list of federal and state court lawsuits filed by Plaintiff David Mack. *See* Dkts. 10-1 – 10-5.

Plaintiff has filed a response in opposition. Plaintiff submits the following materials in support of his response: (1) David Mack's Notice of Intent to Sue letter to Midland Credit

---

[2]As noted in Defendant's motion, Defendant has filed essentially identical motions in other suits filed by Plaintiff regarding other phone calls made to him. *See* Cases No. 4:14-cv-265 and 4:14-cv-481. The motion in 4:14-cv-481 is pending before the undersigned, and a copy of this report and recommendation has been forwarded to the assigned Magistrate Judge in 4:14-cv-265. Because the same arguments are made in all of the cases, the undersigned's findings as to this case and Case No. 4:14-cv-481 are essentially identical.

Management, Inc. dated February 26, 2014; (2) Certified Mail Tracking with receipt date of March 3, 2014; (3) March 31, 2014 email to attorney Reid Manley from Plaintiff attaching spreadsheet of "Calls from MCM to My Wireless Phone" listing approximately 110 calls from Midland Credit Management between 11/29/2013 and 1/21/2014; (4) March 21, 2014 email from Reid Manley to Plaintiff re: settlement; (5) April 7, 2014 Notice of Tag-Along Action filed in *In re: Midland Credit Management TCPA Litigation*; (6) April 8, 2014 Notice to Counsel that Case No. 4:14-cv-200 "is not appropriate for inclusion in this MDL"; (7) April 22, 2014 letter from Reid Manley to Plaintiff re: Defendant's Offer of Judgment in Case No. 4:14-cv-200; and (8) May 2, 2014 Notice of Acceptance of Defendant's Offer of Judgment in Case No. 4:14-cv-200. *See* Dkts. 14-1 – 14-8.

## STANDARD

Defendant brings its motion under Federal Rule of Civil Procedure 12(c).[3] The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A claim will survive if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955,

---

[3]Generally, Rule 12(c) motions are reserved for when the pleadings are closed. Defendant's motion was filed before the November 14, 2014 pleadings deadline in this case. *See* Dkt. 19. Nonetheless, since the pleadings are now closed and the complaint has not been amended, the Court considers Defendant's motion as filed.

1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

A district court may consider documents attached to a motion to dismiss only if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*,

394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2011 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

**ANALYSIS**

First, the Court addresses Defendant's argument that Plaintiff's claims are barred by *res judicata*. *Res judicata* applies when (1) the parties in a prior and present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; (4) the plaintiff raised the same claim or cause of action in both suits. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

There is no dispute between the parties in this case that the parties are identical to those in Case No. 4:14-cv-200 or that this Court had proper jurisdiction over the prior judgment. Neither does Plaintiff dispute that a final judgment was entered on the prior case.[4]

---

[4]Because the Court finds that the case should not be dismissed based on *res judicata* at this time, the Court declines to address whether a final judgment entered under a Rule 68 offer of judgment constitutes a final judgment on the merits for the purposes of *res judicata*. The Court notes, however, that Defendant has cited to no governing Fifth Circuit authority to show that, as a matter of law, the final judgment here was sufficient. Indeed, Fifth Circuit authority indicates that a court may consider the intention of the parties when determining whether *res judicata*

5

The main dispute between the parties is whether claims involving all of the different phone calls are part of the same cause of action, and thus, had to be brought in the same lawsuit to avoid being barred by *res judicata*. The Fifth Circuit has explained:

> To determine whether two suits involve the same claim or cause of action, this court has adopted the transactional test of the Restatement (Second) of Judgments, § 24. Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. The critical issue is whether the two actions under consideration are based on the *same nucleus of operative facts.*

*Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (internal citations, quotations, and alterations omitted) (emphasis in original).

In this case, Plaintiff's claims arise out of a call made on December 4, 2013, at 8:44 p.m. Plaintiff's claims in Case No. 4:14-cv-200 involved a call made on November 29, 2013, at 9:35 a.m. Other than the fact that the calls were made to the same phone number by the same Defendant, the facts alleged do not show that the calls "are related in time, space, origin, or motivation." *Id.* "While an action... may raise the same legal issues that would also be in question in an similar type

---

effect is to be given to a decree entered by consent of the parties. *Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 325 -326 (5th Cir. 2006) ("*Res judicata* applies where the parties to a settlement objectively manifest an intent to cement their agreement with claim preclusion."). Whether there was a manifest intent between a plaintiff and a defendant regarding an offer of judgment in a prior action, therefore, may not be a matter to be resolved on a motion for judgment on the pleadings, but it is not at issue here.

of action involving a similarly situated [fact pattern], the operative facts of the two actions would be distinct." *Id.* at 397. Defendant has not identified any principle of *res judicata* or authority under the FDCPA or TCPA (or its companion Texas statute) that requires a consumer to litigate all claims arising out of a series of phone calls by a debt collector in one suit merely because they involve the same parties. The Court cannot say that, taking all of Plaintiff's allegations as true, this case involves the "same nucleus of operative facts" such that a separate lawsuit would not be plausible on its face. *Id.*

While the Court may consider the matters of public record filed in Plaintiff's prior suit, this Court finds that an analysis requiring a piercing of the pleadings to determine the scope of Defendant's Offer of Judgment regarding "Plaintiff's claims against Defendant" in Case No. 4:14-cv-200 is not appropriate at this procedural stage. Dkt. 10-2. The Court must determine only whether Plaintiff has pleaded facts which, accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009); *see also Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir.2005) (noting that generally a *res judicata* contention cannot be brought in a motion to dismiss). Plaintiff has pleaded such facts here.

The Court is not convinced by Defendant's reliance on the opinion in *Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d. 1125 (M.D. Fla. 2009). Not only is it not binding precedent on this Court, but the court in *Beeders* was addressing a motion for summary judgment, not a motion for judgment on the pleadings. Based on the pleadings alone, this Court cannot determine, as the *Beeders* court did, that in order to sustain a FDCPA claim on the December 4, 2013 call, it must also

7

address the facts of the other calls made by Defendant, including the one made on November 29, 2013. *See id.* at 1129.

Because the Court declines to find, without piercing the pleadings, that this case involves the same transaction or same nucleus of operative facts as Case No. 4:14-cv-200, Defendant's arguments regarding claim-splitting also fail. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 589 (5th Cir. 2006) ("The requirement that the litigation 'involve the same claim premised upon the same body of operative fact as was previously adjudicated' comports with the prohibition against claim-splitting protected by res judicata."); *Ameritox, Ltd. v. Aegis Sci. Corp.*, 2009 WL 305874, 4 (N.D. Tex. 2009) ("In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim.").

Although "a main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim," Defendant did not raise the issue of Plaintiff's other pending lawsuits before the Court entered its Judgment in the earlier filed case. *Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996). This may very well constitute the "dishonest (or at least less than forthright) behavior to gain tactical advantage" which is, in fact, discouraged by the Fifth Circuit's principles on claim-splitting. *Id.*

There is nothing in the record that would support Defendant's argument that Plaintiff's multiple lawsuits waste judicial resources.[5] Moreover, at least as to the suits pending before the

---

[5]Nothing about this Court's findings herein should be construed to mean that this Court would condone the filing of 110 separate lawsuits, if they arise from a common nucleus of operative fact. Such would be a waste of judicial resources. The Court's analysis here is limited to whether this case should be dismissed on the pleadings alone. The allegations before the

8

undersigned, Defendant did not, and has not, requested consolidation of any of the suits it now contends arise from the same nucleus of operative facts. *See* FED. R. CIV. P. 42 (permitting consolidation of actions involving "a common question of law or fact.").

Finally, Defendant argues that the Court should issue an injunction barring Plaintiff from filing future lawsuits based on phone calls made before the date Plaintiff filed his first lawsuit against Midland. "In determining whether it should impose a pre-filing injunction or should modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). Because the Court declines to find that the lawsuits, as a matter of law, arise from the same nucleus of operative facts, there is nothing before the Court at this time that would indicate any "vexatious, harassing, or duplicative" conduct by Plaintiff. In any event, it seems to the Court that, if Defendant stopped calling Plaintiff, Plaintiff would stop filing suits against it.

### RECOMMENDATION

For the reasons set forth herein, the Court recommends that Defendant Midland Credit Management, Inc.'s Motion for Judgment on the Pleadings (Dkt. 10) be DENIED.

---

Court are simply insufficient to make such a finding at this time.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of November, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE