FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR − 2 2015

DAVID J. MALAND, CLERK
BY
DEPUTY _____

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MIDLAND CREDIT MANAGEMENT, INC.,
TELEPHONE CONSUMER PROTECTION ACT
(TCPA) LITIGATION

MDL No. 2286

4:14 CV 414   4:14CV 843
4:14CV481   4:15CV 45
4:14CV578   4:15CV 48
4:14CV 841

TRANSFER ORDER

**Before the Panel:** Plaintiff in the actions listed on Schedule A (*Mack I-VII*) moves under Panel Rule 7.1 to vacate our orders that conditionally transferred *Mack I-VII* to the Southern District of California for inclusion in MDL No. 2286. Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, Midland) oppose the motion.

The actions in MDL No. 2286 involve allegations that Midland violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by placing debt collection calls to debtors' cellular telephones using an automated dialer or an artificial or prerecorded voice, without the debtors' consent. *See In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011). Plaintiff, who is proceeding *pro se*, argues that *Mack I-VII* should not be transferred to MDL No. 2286 because: (1) the Panel's conditional transfer order (CTO) did not comply with the requirements of 28 U.S.C. § 1407(c); (2) transfer would inconvenience plaintiff; (3) transfer will not promote the just and efficient conduct of these actions, but only lead to delay; (4) plaintiff does not intend to consent to being a member of any class action regarding TCPA issues with respect to Midland; and (5) common questions of fact have not yet been established in the latter two actions, as no initial disclosures have been made.

After considering the argument of counsel and plaintiff, we conclude that transfer of *Mack I-VII* under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share a common factual core with the actions already in MDL No. 2286—the allegation that Midland sought to collect a debt by contacting plaintiff on his cellular telephone using an automatic telephone dialing system without prior consent. These actions thus will involve similar factual inquiries and discovery about Midland's collection call policies and procedures, as well as its policies and procedures for obtaining and recording a consumer's consent to receive collection calls. Contrary to plaintiff's assertion, this commonality is apparent on the face of all the complaints.

We previously have rejected the argument that transfer based upon a CTO issued by the Panel is inappropriate because of non-compliance with Section 1407(c). *See* Transfer Order at 2, *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2286 (J.P.M.L. Feb. 5, 2014), ECF No. 493. This argument betrays a misunderstanding of the conditional transfer order process. Panel Rule 7.1(a) requires "[a]ny party or counsel in actions previously transferred under

-2-

Section 1407 [to] promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears." The Panel, though, does not automatically issue a CTO in response to a notice of a potential tag-along action. Instead, it "has several options: (i) filing a CTO under Rule 7.1, (ii) filing a show cause order under Rule 8.1, or (iii) declining to act (Rule 7.1(b)(i))." *Id.* Thus, the issuance of a CTO—and the subsequent transfer of the action listed in the CTO—is initiated by the Panel "upon its own initiative," 28 U.S.C. § 1407(c)(i), not at the behest of the party alerting the Panel to the existence of a potential tag-along action. *See also In re Gypsum Wallboard*, 303 F. Supp. 510, 510 (J.P.M.L. 1969) (discussing the genesis of the conditional transfer order process).

Similarly, we are not persuaded that plaintiff's arguments concerning inconvenience—both from being transferred outside his home district and from the delay that plaintiff anticipates that he will encounter once his actions have been transferred to MDL No. 2286—justify excluding *Mack I-VII* from the centralized proceedings. Although we are sympathetic to plaintiff's concerns, we have held repeatedly that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

Finally, we reject plaintiff's assertion that transfer is inappropriate because he will not consent to being a member of any class with respect to the TCPA claims against Midland. His choice not to participate in a class or class settlement does not determine whether we should transfer this action to the MDL. *See* Transfer Order at 2, *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2286 (J.P.M.L. Dec. 11, 2014), ECF No. 450 (transferring action over objection that plaintiff intended to opt out of any potential class-wide settlement). We instead look to whether the action involves one or more common questions of fact, such that transfer for centralized proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions. Regardless of whether plaintiff intends to join any class or class-wide settlement, transfer of *Mack I-VII* to MDL No. 2286 is appropriate.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Michael M. Anello for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

IN RE: MIDLAND CREDIT MANAGEMENT, INC.,
TELEPHONE CONSUMER PROTECTION ACT
(TCPA) LITIGATION                                                    MDL No. 2286


### SCHEDULE A

Eastern District of Texas

MACK v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 4:14-00414
MACK v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 4:14-00481
MACK v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 4:14-00578
MACK v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 4:14-00841
MACK v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 4:14-00843
MACK v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 4:15-00045
MACK v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 4:15-00048